**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUAN JOSE ENCISO RAMIREZ, | Civil Action No. 26-1750 (JXN) |
| Petitioner, | |
| v. | |
| | **MEMORANDUM AND ORDER** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**NEALS**, District Judge

Before the Court is Petitioner Juan Jose Enciso Ramirez ("Petitioner"), Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention by immigration authorities. (ECF No. 1.) Respondents filed a letter response (ECF No. 4) and Petitioner replied (ECF No. 5).

Petitioner, a native of Colombia, entered the United States in 2024. (ECF No. 1 at 17.) Upon entry, Petitioner was processed by the Department of Homeland Security ("DHS"). (*Id.*) At that time, Petitioner expressed a fear of returning to Colombia, and after an asylum officer found he had a credible fear, Petitioner was placed in a full removal proceeding. (ECF No. 4 at 1-2.) Petitioner received a Notice to Appear ("NTA") charging him with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(1)(I) of the Immigration and Nationality Act ("INA"). (ECF No. 4-3.) According to the I-213 Record of Deportable/Inadmissible Alien Form, dated February 14, 2026, Petitioner was "paroled into the United States. (ECF No. 4-1 at 4.) Respondents submit that Petitioner was "released or paroled." (ECF No. 4 at 2.) Petitioner subsequently filed an application for Special Immigration Juvenile Status. (ECF No. 1 at 17.)

On February 14, 2026, Petitioner was arrested by Immigration Customs and Enforcement ("ICE") agents and has been detained in ICE custody since his arrest. (ECF No. 4 at 1.) Following Petitioner's arrest and detention by ICE, he has not been afforded an individualized bond hearing because he is being held in mandatory detention under 8 U.S.C. § 1225(b)(1). (*Id.*)

The Court ordered Respondents to file an answer. (*See* ECF No. 2.) Respondents filed a letter response (ECF No. 4), and Petitioner replied (ECF No. 5).

The Petition contends that Respondents have violated Petitioner's due process rights and that he is unlawfully detained. (*See generally* ECF No. 1.) Respondents argue that Petitioner is mandatorily detained under § 1225(b)(1). (ECF No. 4 at 1-2.) Respondents claim that they detained Petitioner under 8 U.S.C. § 1225(b)(1)(B)(ii), because Petitioner was: (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) passed a credible-fear screener interview for an asylum claim. (*Id.* at 1.) According to Respondents, Petitioner's detention is mandatory pending removal proceedings under § 1225(b)(1)(B)(ii), which states that, with a positive credible fear determination, the alien "shall be detained" throughout the removal proceedings. (*Id.* at 1-2, citing *Matter of M-S-,* 27 I&N Dec. at 512 (stating § 1225(b)(1) "mandates detention throughout the completion of removal proceedings unless the alien is paroled") (internal quotation marks and alterations omitted).)

In support of their position, Respondents rely on cases where it has been found that when the petitioner was released on parole after being placed into expedited removal proceedings and found to have a positive fear of persecution, the Petitioner remains subject to §1225(b)(1)'s mandatory detention when later re-detained. (*Id.* at 2, citing *Faqirzada v. Rokosky,* 25-16639 (MAS), 2026 WL 63614 (D.N.J. Jan. 8, 2026) (holding that a noncitizen granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) upon entry and later re-detained remains subject to §

1225(b)(1)); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657, at *1 (E.D. Va. Aug. 5, 2025) (collecting cases).

The cases Respondents rely upon are distinguishable from the instant matter. In all the cases relied upon by Respondents, the petitioners were released into the country on humanitarian parole after being placed in expedited removal proceedings. Here, Respondents submit that Petitioner was "released or paroled." (ECF No. 4 at 2.) Additionally, Respondents have provided an I-213 form, which also only indicates that Petitioner "was paroled into the United States." (ECF No. 4-1 at 4.)

An alien who attempts to enter the United States illegally and who is detained shortly after making an unlawful crossing of the border is "treated as an applicant for admission" and is subject to the terms of § 1225(b)(1). *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020). Aliens subject to this provision will generally be issued an expedited removal order unless they indicate to immigration officers that they have a credible fear of persecution, in which case they may be referred for further proceedings regarding that fear. *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). Pursuant to the statute, such aliens are subject to mandatory detention throughout removal or credible fear proceedings, although the Government may, in its discretion, temporarily parole such aliens "for urgent humanitarian reasons or significant public benefit." *See Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018). The parole statute instructs that,

> such parole of an alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission.

8 U.S.C. § 1182(d)(5)(A).

There are several types of "parole." 8 U.S.C. § 1182(d)(5)(A) allows for humanitarian parole by DHS of noncitizens detained under §1225(b), while 8 U.S.C. § 1226(a) allow for "conditional parole" of noncitizens detained under §1226(a). Here, based on the record before the Court, Respondents have failed to provide the Court with evidence that Petitioner was granted humanitarian parole under § 1182(d)(5)(A) in 2024. Rather, Respondents submit only that Petitioner was released or paroled into the country. Additionally, the I-213 Form fails to state whether Petitioner was released on humanitarian parole under § 1225(b)(1) or conditional parole under § 1226(a). Respondents have failed to offer support for their position that he remains subject to § 1225(b)(1)'s mandatory detention based on his parole status. *See Marcilla Flores v. Rokosky*, 25-18998 (GC) (D.N.J. Jan. 12, 2026) (rejecting the respondents' argument that petitioner was mandatorily detained under §1225b(b)(1), when respondents did not show petitioner was paroled); *see also Sotelo Salvatierra v. Bondi,* No. 25-18608, 2026 WL 45171, at *1 (D.N.J. Jan. 7, 2026) (same). As Respondents have failed to offer any support for a finding that Petitioner was granted humanitarian parole, the Court finds Petitioner to be similar to the countless number of noncitizens who have recently been unlawfully detained under § 1225(b)(2).

Courts in this District, including this Court in the recent matter *Fuentes Velasquez v. Noem*, No. 25-16797, 2025 WL 3653657 (D.N.J. Dec. 17, 2025), have considered whether noncitizens who are detained after having already been in this country are unlawfully held in mandatory detention under § 1225(b). In *Fuentes Velasquez*, Respondents argued DHS has implemented a new policy interpreting INA § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted

in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See Fuentes Velasquez*, 2025 WL 3653657 at * 2.

In *Fuentes Velasquez*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *See generally id.* The Court rejected the contention that § 1225(b)(2) provides the authority to mandatorily detain noncitizens who have resided within the United States for a considerable period simply because they were not admitted or paroled upon inspection at the border. *See id.* The Court held that Fuentes Velasquez was unlawfully held in mandatory detention under § 1225(b)(2) and could only be properly detained under the discretionary authority of 8 U.S.C. § 1226(a). *See id.*[1]

Based on this Court's statutory interpretation in *Fuentes Velasquez*, the Court finds the facts asserted in the Petition establish that Petitioner cannot be mandatorily detained under § 1225(b)(2) as he has resided in the United States for several years after entry without admission or parole, and his continued detention under that statute is unlawful. Petitioner's §2241 Petition must therefore be granted.

Respondents argue that if the Court finds that §1225(b)(1) does not apply to Petitioner- which it has- a bond hearing under §1226(a) is the only remedy available to Petitioner. (ECF No. 18 at 3.) Although Petitioner may be lawfully subject to detention under 8 U.S.C. § 1226(a), "the Government did not attempt to follow the requirements of that statute in taking him into custody,

---

[1] *See also, Fajardo -Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026) (holding that the petitioner's continued immigration detention under 8 U.S.C. § 1225(b)(2) was unlawful. The Government argued that the statute authorized mandatory detention; however, it acknowledged that Courts in this District have repeatedly rejected applying § 1225(b)(2) to individuals who have lived in the United States for a significant period after entering with inspection. Consistent with prior District decisions, the Court found that the petitioner fell within the class of individuals who cannot be detained under § 1225(b)(2), concluded that the petitioner's detention was unlawful, and granted the habeas petition) (citing *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); and *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026)).

nor have they used that statute as a basis for his detention, nor have they provided him with bond hearing to which he is entitled to under that statute." *Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1-2 (D.N.J. Mar. 2, 2026). The Court will not correct Respondents' unlawful application of § 1225(b)(2) and detention of Petitioner by converting Petitioner's detention to "potentially lawful alternate form under a different statute with different procedural requirements and rules." *Id.* at *2 (granting Petitioner's habeas petition and ordering Petitioner's release based on the Government's flawed application of § 1225(b)(2)). Respondents detained Petitioner unlawfully under § 1225(b)(2), and the Court has found that he is not subject to detention under that statute. Therefore, Respondents shall release Petitioner from custody. Accordingly,

**IT IS**, on this 31st day of March 2026,

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from immigration detention no later than March 31, 2026, at 12:00 p.m., under the same conditions, if any, that existed prior to his detention; it is further

**ORDERED** that Respondents shall return to Petitioner all personal property belonging to Petitioner – including but not limited to, any driver's license, passport, immigration documents, currency, or cellphone – that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by Respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's detention; it is further

**ORDERED** that within **three (3) days** of the date of entry of this Memorandum and Order, Respondents shall file a written notice on the docket confirming Petitioner's release from custody; it is further

6

**ORDERED** that Respondents are permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225(b)(2), which the Court has found inapplicable to him; it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of 14 days following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

JULIEN XAVIER NEALS
United States District Judge